PER CURIAM.
*230 Richard Figueredo appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) Motion to Correct Illegal Sentence, wherein he argued that the five-year driver's license suspension imposed on him by the trial court was illegal. We agree and reverse.
After entering a plea to trafficking in methamphetamine, Figueredo was sentenced to serve seven years in the Department of Corrections as a habitual felony offender (HFO). The trial court also ordered his driver's license suspended for a period of five years.
Section 322.055(1), Florida Statutes (2015), provides a basis for the revocation of a driver's license based upon a conviction involving a controlled substance, as follows:
Notwithstanding s. 322.28, upon the conviction of a person 18 years of age or older for possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance, the court shall direct the department to revoke the driver license or driving privilege of the person. The period of such revocation shall be 1 year or until the person is evaluated for and, if deemed necessary by the evaluating agency, completes a drug treatment and rehabilitation program approved or regulated by the Department of Children and Families. However, the court may, in its sound discretion, direct the department to issue a license for driving privilege restricted to business or employment purposes only, as defined by s. 322.271, if the person is otherwise qualified for such a license. A driver whose license or driving privilege has been suspended or revoked under this section or s. 322.056 may, upon the expiration of 6 months, petition the department for restoration of the driving privilege on a restricted or unrestricted basis depending on length of suspension or revocation. In no case shall a restricted license be available until 6 months of the suspension or revocation period has expired.
(Emphasis added). The trial court offered no explanation for the length of the suspension other than to suggest it was lawful based on Figueredo's designation as an HFO. This was error.
Accordingly, we reverse the order under review and remand with directions that the trial court grant the motion and direct the Department of Highway Safety and Motor Vehicles to revoke Figueredo's driver's license as provided in section 322.055(1), Florida Statutes.
REVERSE and REMAND.
COHEN, BERGER and WALLIS, JJ., concur.